Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Westchester Title & Trust Company, and Others, Plaintiffs, *v.* Percy S. Alden and Others, Defendants.

Supreme Court, Westchester County, January 29, 1940.

*Joseph W. Bryan* [*Samuel Boksenbom* of counsel], for the plaintiff Louis H. Pink, as liquidator, etc.

*John E. Mack,* for the plaintiffs Beacon Savings Bank and others.

*Clark, Gagliardi, Cunningham & Bailey* [*William D. Cunningham* of counsel], for the plaintiffs Austin K. Griffen and others.

*Milbank, Tweed & Hope* [*William Dean Embree* of counsel], for the defendants Frank Bailey and others.

*Sackett, Chapman, Brown & Cross* [*William P. Chapman, Jr.,* of counsel], for the defendants Carrie Sackett Miller and others.

*Seacord, Ritchie & Young* [*Albert Ritchie* of counsel], for the defendants Mina Baldwin Bull and Albert Ritchie, as executors, etc., of William R. Bull, deceased, and Harry E. Colwell.

Patterson, J. The Superintendent of Insurance, as liquidator of the Westchester Title & Trust Company, together with the creditors of various classes suing on behalf of all creditors similarly situated, brings this action to enforce the individual statutory

liability of the stockholders of the Westchester Title & Trust Company. The motion, joined in by numerous defendants, is to dismiss the complaint upon the grounds:

*First,* that the complaint does not state facts sufficient to constitute a cause of action, and

*Second,* that the plaintiffs have not the legal capacity to sue.

The contention that the complaint fails to state facts sufficient to constitute a cause of action is predicated upon the proposition that the stockholders are personally liable only for liability to depositors and for other debts incurred strictly in connection with the banking business of the company.

The attack upon the legal capacity of the plaintiffs to sue rests upon the contention that the statutes creating the individual liability of stockholders prescribes the procedure for its enforcement and that these provisions constitute an exclusive remedy and since those statutory prerequisites have not been complied with, the plaintiffs are not those authorized by statute to enforce liability and, hence, the complaint must be dismissed.

In view of the disposition here made of the motion to dismiss the complaint because it does not state facts sufficient to constitute a cause of action, it becomes unnecessary to discuss or to dispose of the motion that the plaintiffs have not legal capacity to sue.

A large part of the exhaustive briefs submitted by counsel is devoted to matter which is not in dispute, namely, the liability of the stockholders of the trust company for all the debts of the trust company, but no one has pointed out any statute or authority which says that upon a merger of a trust company and a mortgage guaranty company, the stockholders become liable for the debts of both companies. Of course, during all the period of time referred to in the complaint it was the undisputed law of this State that the stockholders of every trust company were individually responsible equally and ratably and not one for another, for all the contracts, debts and engagements of the trust company, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. (State Const. of 1894, art. 8, § 7*; Banking Law of 1914, § 206†.) This constitutional and statutory enactment created a special and added responsibility for debts imposed upon the stockholders of banks and trust companies.

The plain language of the statute leaves no room for doubt that the liability of the stockholders of the trust company extended

---

* Repealed by vote of the people Nov. 5, 1935.

† Now substantially Banking Law, § 113-a.

to all the debts of the trust company. If the Westchester Title & Trust Company were nothing more than a trust company, the stockholders would be clearly liable under the above-quoted section of the Banking Law for all of its debts. The so-called " double liability " statutes have since been repealed, but, of course, that does not affect liability which accrued, if any, before such repeal.

The debts for which the plaintiffs seek to hold the defendant stockholders liable arose out of a large number of mortgages and mortgage certificates guaranteed and sold by the company to the present plaintiff-creditors. According to the allegations of the complaint, these guaranteed mortgages and certificates are in default in a very substantial sum.

The Westchester Title & Trust Company came into existence in 1922 as the result of a merger between a trust company organized and operating under the Banking Law of the State of New York, and a title and mortgage guaranty company organized and operating under the Insurance Law. These companies were, respectively, the Central Trust Company of Westchester County and the Westchester Title and Mortgage Company. The merger was authorized by and effected pursuant to the then provisions of section 179 of the Insurance Law (Laws of 1909, chap. 33, as amd.*). After the merger, the Westchester Title & Trust Company conducted the business of a trust company under the supervision of the Superintendent of Banks and also the business of a mortgage guaranty company under the supervision of the Superintendent of Insurance. These two kinds of business were conducted by the Westchester Title & Trust Company as one company under one roof and with a single set of officers, directors and employees.

The company experienced serious financial difficulties in the early part of 1933. In February, 1933, it sold a part of its assets to a syndicate of New York banks and used the proceeds to pay its depositors. Shortly thereafter, and as more particularly alleged in the complaint, the company suspended operations, was placed in rehabilitation proceedings, was subsequently declared insolvent and is now in the process of liquidation under the supervision of the Superintendent of Insurance.

The merger of the Central Trust Company of Westchester County and the Westchester Title and Mortgage Company was a merger between a trust company, for the debts of which its stockholders were individually responsible under the Banking Law, and a

---

* Now Insurance Law of 1939, § 441.

mortgage guaranty company, for the debts of which latter company its stockholders were not similarly responsible under any statute.

Briefly stated, the contention of the plaintiffs is that the effect of the aforesaid merger of 1922 was to extend the " double liability " imposed by the Banking Law on the stockholders of a trust company so as to make the stockholders of the Westchester Title & Trust Company liable for not only the debts incurred by the Westchester Title & Trust Company in the exercise of its powers as a trust company but also for the debts incurred by it in the sale of guaranteed mortgages and mortgage certificates up to the time it suspended business in 1933.

I have been unable to discover any decision directly passing upon this question. I believe it is conceded there is none.

In general, there is no liability on the part of stockholders for the debts of a corporation except where such liability has been imposed by statute. The imposition of such liability must be clear and express and may not be enlarged nor extended by implication.

The merger under consideration here was authorized by the then section 179 of the Insurance Law. The language of this section clearly reveals that the Legislature intended to and did authorize the merger of two distinct types of companies, the stockholders of which respective companies enjoyed or labored under different rights and liabilities with respect to debts. To make the stockholders responsible after the merger, for the debts to be incurred by the Westchester Title & Trust Company in the operation of its mortgage guaranty business would be to create a liability where none existed before. Such added responsibility would have to be expressly imposed by statute and no such provision is to be found in the statute. The absence of a provision imposing such added responsibility is, in my opinion, a clear indication of the legislative intent that the provisions of the Banking Law imposing " double liability " on the stockholders of a trust company for the debts of the trust company do not apply to the debts incurred by such a company as the Westchester Title & Trust Company in the conduct of its mortgage guaranty business.

The double liability of stockholders of a bank or trust company was provided for by language which seems broad and all inclusive. The Constitution provided, " The stockholders of every corporation * * * for banking purposes, shall be individually responsible * * *, for all of its debts and liabilities of every kind." (State Const. of 1894, art. 8, § 7.)

The Banking Law provided: " The stockholders of every trust company shall be individually responsible, * * * for all contracts, debts and engagements of the trust company, * * *." (Banking Law of 1914, § 206.)

Here we have the situation where the corporation is not only one for banking purposes — not only a bank and trust company, but also an insurance company.

It appears to me that in such a situation, the stockholders of such a corporation are responsible only for all of its "debts and liabilities" and all of its "contracts, debts and engagements," which were incurred in the banking business or trust business. Stockholders may not be held liable for debts incurred in the insurance business.

While the courts of New York State have apparently never been called upon to apply the constitutional and statutory provisions for double liability to a case such as the present, still, they have consistently adhered to the concept that those provisions being in derogation of the common law must be strictly construed and cannot be extended by implication.

It cannot be doubted that the double liability provisions of the Constitution and the statutes were designed to give to depositors additional protection beyond the assets of the bank or trust company. The holders of mortgage guaranties had their additional protection in the bonds and mortgages made the subject of such guaranties. It would seem logical that had there been any intention on the part of the Legislature to extend the double indemnity to stockholders of trust companies for the "contracts, debts and engagements" of a trust company formed under the Banking Law to the "contracts, debts and engagements" of a title and mortgage guaranty company formed under the Insurance Law in the case of a merger, such intention would be found in the express provisions of some statute which are manifestly applicable to the debts of a title and mortgage guaranty company.

The argument is here advanced that because the corporation once did a trust company business the mortgagees and certificate holders are favored over all others because their issuing corporation also had trust company powers which it at one time exercised. I do not think that any such a result was ever contemplated by the Legislature.

The stockholders of a title and guaranty company were not, prior to the merger, liable on their stock for any debt the corporation might have incurred. By the terms of the merger, they did not become liable for the trust company's liabilities. When the corporations were merged, it was the obvious contemplation that all stockholders were in the same category, but that their double liability related only to the trust company business and there was but the single liability, that is the liability for the payment of the stock, so far as the debts of the merged company was concerned other than liability to depositors.

There is a very practical side to the proposition; the corporation never claimed that its securities were sounder than those of its competitors because there was a stockholders' liability and surely, no purchaser of its securities ever expected that he would have an advantage over purchasers of like securities from other corporations by reason of the stockholders' liability. It is now sought to give the holder of such securities greater protection and security solely because the corporation at one time did a trust company business. To do this would be to strain the construction of the statutes so as to bring within its provisions, debts or claims never contemplated either by the Constitution, the Legislature or the parties to the contract. Neither the Constitution nor the Banking Law contemplated that creditors of an insurance company should have the protection of the stockholders' liability provided for creditors of banks.

It is my opinion that the double liability of stockholders of a trust company may not be extended for the benefit of title and mortgage guaranty companies creditors and, hence, the complaint does not state a cause of action and the motion to dismiss must be granted.